IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| WILLIAM KELLY, | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO. 1:21-CV-00772 |
| | ) | |
| VS. | ) | HON. JANE M. BECKERING |
| | ) | |
| GRAPHIC PACKAGING | ) | |
| INTERNATIONAL, LLC | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

## **PLAINTIFF WILLIAM KELLY'S MOTION FOR PROTECTOVE ORDER**

NOW COMES Plaintiff, WILLIAM KELLY, by and through his attorneys, Carla D. Aikens, P.L.C., and hereby submits the following Motion for Protective Order:

For the reasons set forth in the accompanying brief, Plaintiff respectfully requests that this Honorable Court, pursuant to Fed. R. Civ. P. 26(c)(1), issue an Order of Protection and permit Plaintiff's deposition to be taken remotely, as with other depositions for Defendant's witnesses, which Defendant has not opposed.

Counsel for Plaintiff conferred with counsel for Defendant in a good faith attempt to resolve this discovery dispute via email on May 25, 2022, at approximately 5:00 p.m. and again last week during a phone conference. The parties have been unable to come to an agreement on this matter and Plaintiff requests Court intervention.

WHEREFORE Plaintiff William Kelly prays that this Honorable Court grants his Motion for Protective Order in full and grant Plaintiff any other relief deemed equitable and just.

Dated: June 13, 2022                    Respectfully Submitted,

                                        /s/ Carla D. Aikens_____
                                        Carla D. Aikens (P69530)
                                        Carla D. Aikens, P.L.C.
                                        *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| WILLIAM KELLY, | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No. 21-cv-00772 |
| | ) | |
| vs. | ) | |
| | ) | |
| GRANT PACKAGING | ) | |
| CORPORATION, | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

**BRIEF AND MEMORANDUM IN SUPPORT OF
PLAINTIFF WILLIAM KELLY'S MOTION FOR PROTECTIVE ORDER**

I.   **LEGAL STANDARD**

Fed. R. Civ. Proc. 26(b)(1) sets forth the scope of discovery that a party may seek. That

rule states in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the important of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.
> Information within this scope of discovery need not be admissible in evidence to
> be discoverable.

Although discovery is broad in nature, "discovery, like all matters of procedure, has

ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders, et. al.,* 437 U.S. 340, 98

S. Ct. 2380 (1980).  A court may, for good cause, issue an order to protect a party or person from

annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c)(1).

Fed. R. Civ. P. 30(b)(4) provides that:

> *By Remote Means.* The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

Further, on April 29, 2020, Chief Judge Robert J. Jonker re-instated a previously-issued Order affecting this Court, stating that:

> Judicial Officers will schedule hearings to be conducted by audio or videoconference, or on an in-person basis, as the Judicial Officer believes is appropriate to the needs of the case with due regard for health and safety of all participants, providing in all cases for appropriate public access.

(**Exhibit A, Order Regarding Case Operations**).  Though this is not directly applicable to depositions, it is apparent that the Court's concern is with safe proceedings in a reasonable manner.

## II.    FACTS

Plaintiff's deposition has been requested to be taken on June 29, 2022. On May 19, 2022, counsel for Defendant indicated that she expected Plaintiff to appear in-person for his deposition, without his Counsel in the room with him. Counsel for Plaintiff indicated that this was unacceptable, and that Plaintiff's deposition needed to be taken remotely, to which Defendant's Counsel refused. Counsel for Defendant further stated in a conversation last week on June 9, 2022, that they believed that Plaintiff should have to travel to Michigan for his deposition since the lawsuit was filed here.

Plaintiff, who resides out-of-state in Tennessee due to not having a job with Defendant, should not be subjected to traveling amidst a national pandemic when there are safe alternatives available to him, and where Defendant has taken no issue with doing the remote deposition of

4

other witnesses. Moreover, Counsel for Plaintiff has immediate family members who are at high-risk of complications due to contracting COVID-19. It is not reasonable to request that counsel and Plaintiff sit in a room for seven hours with others when such is not necessary. Counsel for Plaintiff has conducted hundreds of depositions, both before and since the pandemic began, via virtual videoconference – even entire bench trials – all without issue. There is no legitimate reason to need to depose Plaintiff in person other than a desire to sit in a room with him.

## III.   ARGUMENT

Plaintiff is entitled to a protective order to have his deposition proceed remotely like other depositions in this matter.

Plaintiff had to leave Michigan to find work during the pandemic, given that Defendant apparently still reflects that he is "employed" but also is not paying him nor allowing him to work. The equities are not balanced such that he can easily afford to travel back to Michigan for a deposition, nor should he have to travel back and also appear in person during the pandemic, when there are acceptable alternatives for taking his deposition. Defendant has had no issue with its witnesses being deposed remotely, even in other states.

Due to the state of the COVID-19 pandemic, it is also apparent that some limitation should be set by this Court regarding the location of depositions and the parties' ability to hold them remotely. While it is understandable that people may want to be past the pandemic, it is not over just because it has persisted for over two years. There are people with health issues who are not in a position to be flippant about contracting COVID-19 merely because attorneys will not work together to reasonably conduct discovery. The parties have worked cordially in scheduling depositions, and Plaintiff has made himself available to be deposed, as requested.

In the present matter, the manner in which Defendant seeks to depose Plaintiff is overburdensome when considering the fact that Defendant is able to depose Plaintiff without putting the health of the parties, their counsel, and the public at risk.

Defendant's request for an in-person deposition as opposed to a remote one fails to consider the safety all involved, as well as the efficiency of this matter. As noted above, Plaintiff does not reside in Michigan, and Plaintiff's counsel would not want to leave Plaintiff to "fend for himself" alone with counsel for Defendant. It is inappropriate and without regard to the health and safety of all others for Defendant to refuse to take Plaintiff's deposition via remote means, particularly where the rules permit the same. Further, Counsel for Plaintiff has high-risk individuals in her immediate family which has required her to attend depositions remotely since the beginning of the pandemic in 2020, which have all proceeded without issue. There is no justifiable reason to alter that practice by replacing it with one that poses a health risk to the parties and the public.

Due to the persistent state of the COVID-19 pandemic, it is apparent that some limitation should be set by this Court regarding the location of depositions and the parties' ability to hold them remotely. There is no valid reason that Plaintiff should be required to appear for his deposition in-person and out-of-state. Moreover, there is no valid reason to risk the health of any party or the public by holding such discovery proceedings in person when remote depositions have become the norm and are otherwise acceptable to Defendant for all witnesses except Plaintiff.

## IV.     CONCLUSION

WHEREFORE Plaintiff prays that this honorable Court: 1) Grant Plaintiff a protective order to allow his deposition to proceed remotely and not have to travel to Michigan from his home in Tennessee; and 2) Grant Plaintiff any other relief deemed equitable and just.

Dated: June 13, 2022

Respectfully Submitted,

Carla D. Aikens, P.L.C.

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
*Attorneys for Plaintiff*

## Certificate of Service

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above-entitled cause to each of the attorneys of record herein via **eFiling** on June 13, 2022, by:

/s/ Carla D. Aikens

7